**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL EX REL. ALTON J. EXZABE, Petitioner, | DOCKET NUMBER CB-1208-22-0013-U-1 |
| v. | DATE: May 23, 2022 |
| DEPARTMENT OF THE ARMY, Agency. | |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Elisabeth R. Brown, Esquire, Oakland, California, for the petitioner.

Jenn Chun, Esquire, San Francisco, California, for the petitioner.

Elena Onaga, Esquire, Honolulu, Hawaii, for the relator.

Lorraine Marie Sult, Esquire, Shofield Barracks, Hawaii, for the agency.

## BEFORE

Tristan L. Leavitt, Member

## ORDER ON STAY REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests a 45-day stay of the proposed removal of Alton Exzabe so that it may

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

investigate whether his removal would be a prohibited personnel practice under 5 U.S.C. § 2302(b)(12).  For the reasons set forth below, I DENY OSC's request.

## BACKGROUND

¶2        In its May 18, 2022 stay request, OSC alleges that it has reasonable grounds to believe that the Department of the Army has violated Mr. Exzabe's due process rights in connection with its proposal to remove him from his Environmental Protection Specialist position at the U.S. Army Garrison Hawaii.  Stay Request File (SRF), Tab 1 at 12.  OSC alleges that, on or about August 18, 2021, the Army proposed Mr. Exzabe's removal based on a charge of inability to perform his assigned duties due to his lack of access to the installation.[2]  *Id.* at 22-25.  OSC further alleges that Mr. Exzabe's lack of access to the installation is a result of a February 23, 2021 indefinite standard debarment order that bars Mr. Exzabe's entry to any Garrison installation for any reason.[3]  *Id.* at 9.  Regarding the basis for the standard debarment order, OSC asserts that the Garrison Commander "said his order was for 'sexual offenses' but provided no additional facts."  *Id.*

¶3        According to OSC, the proposed removal violates Mr. Exzabe's due process rights because it does not notify Mr. Exzabe of the specific reasons for the debarment on which the proposal is based or provide a meaningful opportunity

---

[2] The notice of proposed removal informed Mr. Exzabe of his right to reply orally and/or in writing, that any reply would be fully considered, and that he would receive a written decision on the proposed action.  SRF, Tab 1 at 23.  OSC does not allege that any such decision has been issued.

[3] Prior to this, OSC contends that Mr. Exzabe had been issued two limited debarment orders related to his off-duty sexual misconduct, under which he had been permitted limited access to the Garrison only to perform his job duties.  SRF, Tab 1 at 7-8.  OSC avers that Mr. Exzabe challenged both of the limited debarment orders and the standard debarment order to various Department of the Army officials.  *Id.* at 7-10.  In challenging the standard debarment order, OSC states that Mr. Exzabe conveyed his confusion as to why he was no longer allowed access to the installation to perform his work after his criminal conviction was nullified.  *Id.* at 9.

for him to respond to those reasons. In particular, OSC states that, "it would be a prohibited personnel practice to remove [Mr. Exzabe] for not reporting to work without giving him notice of, or a meaningful opportunity to respond to, the specific reasons for his removal, i.e., the alleged off-duty misconduct that led to the debarment." SRF, Tab 1 at 12-13.

¶4      OSC requests a stay of Mr. Exzabe's proposed removal for 45 days and an order that the Department of the Army return Mr. Exzabe to full pay and duty status until the stay expires.[4] *Id.* at 20.

## ANALYSIS

¶5      Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request that any member of the Merit Systems Protection Board order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. Such a request shall be granted unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate. 5 U.S.C. § 1214(b)(1)(A)(ii).

¶6      Under 5 U.S.C. § 2302(b)(12), it is a prohibited personnel practice to "take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title." One of the merit system principles states that "[a]ll employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management . . . with proper regard for their privacy and constitutional rights." 5 U.S.C. § 2301(b)(2). Thus, OSC contends that the proposed removal,

---

[4] Due to the debarment order, OSC states that Mr. Exzabe has been absent without leave since August 30, 2021. SRF, Tab 1 at 5 n.1. On November 19, 2021, Mr. Exzabe appealed his lack of duties and pay to MSPB as a constructive indefinite suspension. *Alton J. Exzabe v. Department of Army*, MSPB Docket No. SF-0752-22-0101-I-1.

*if taken*, would constitute a prohibited personnel practice because it would violate Mr. Exzabe's constitutional due process rights.[5]

¶7    OSC's stay request thus presents the issue of whether an agency action that violates an employee's constitutional rights is a prohibited personnel practice under 5 U.S.C. § 2302(b)(12).  I need not reach this issue, however, because the disciplinary process is ongoing, and it would be premature under the facts and circumstances of this case to find that there are reasonable grounds to believe that a due process violation is likely to occur.

¶8    Due process is a flexible concept that calls for such procedural protections as the particular situation demands.  *See, e.g.*, *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 18 (2014); *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 16 (2014).  At its core, due process requires that "an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest."  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985) (emphasis in original).  This requires notice and a "meaningful opportunity to invoke the discretion of the decisionmaker" before the personnel action is effected.  *Id.* at 542-43; *see Hodges v. U.S. Postal Service*, 118 M.S.P.R. 591, ¶ 6 (2012).  Thus, the Board has held that an employee has a due process right to notice of the grounds in support of the adverse action and a meaningful opportunity to invoke the discretion of a deciding official with the authority to select an alternative outcome, to the extent an alternative penalty may have been feasible.  *See Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 7 (2014); *Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 10 (2014).

¶9    Here, because the removal process has been ongoing since August 18, 2021, it is purely speculative whether a due process violation will occur.  To so speculate, would, in essence, amount to an improper advisory opinion regarding

---

[5] OSC further asserts that it is convinced that "the Garrison breached its own regulation when it escalated [Mr.] Exzabe's debarment from a limited to standard debarment." SRF, Tab 1 at 18.

whether the Department of the Army could properly remove Mr. Exzabe under the circumstances presented or whether to do so would violate his due process rights. *See* 5 U.S.C. § 1204(h) (prohibiting the Board from issuing advisory opinions); *Winston v. Department of the Treasury*, 114 M.S.P.R. 594, ¶ 8 (2010) (noting that the Board does not have the authority to advise an agency concerning the removal of an employee, but only to review an agency's decision to take such action).[6]

¶10    Under the facts and circumstances described above, I find that a stay of the proposed removal is not appropriate at this time.

**ORDER**

¶11    For the reasons set forth above, OSC's stay request is denied.

FOR THE BOARD:          /s/ for
                        _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.

---

[6] *Compare* 5 U.S.C. § 2302(b)(12), proscribing "any other personnel action if the taking or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles," *with* 5 U.S.C. § 2302(b)(8) or (b)(9), under which merely *proposing* a retaliatory personnel action may be prohibited as "threaten[ing] to take . . . [such] a personnel action."